| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: | Jeremiah A. Howe | Telephone: (313) 559-6161 |

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

United States of America
   v.

Osman Alexis PINEDA DUARTE

Case No.  2:25-mj-30493
Judge: Unassigned,
Filed: 08-05-2025 At 04:35 PM
cmp usa v. osman alexis pineda duarte
(da)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 3, 2025 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jeremiah A. Howe, Officer DHS, CBP
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ August 5, 2025 _____

City and state: _Detroit, MI_____

_____
*Judge's signature*

Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

# <u>AFFIDAVIT</u>

I, Jeremiah A. Howe, being duly deposed and sworn states:

1. I am an Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over fifteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed aliens and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Osman Alexis PINEDA DUARTE is a 32-year-old male native and citizen of Honduras, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected, or paroled into the United States by an immigration officer.

4. On or about April 29, 2024, at approximately 10:11am PINEDA DUARTE was encountered and arrested by United States Border Patrol at or near Del Rio, Texas and was found to be present within the United States without having been admitted or paroled by an immigration officer. He was served with an Expedited Removal Order charging inadmissibility to the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended. He was removed to Honduras via Harlingen, Texas, on May 15, 2024, and given a 5-year bar from re-entry to the United States.

5. On August 3, 2025, at approximately 12:31pm, PINEDA DUARTE was encountered by CBP at the Detroit Ambassador Bridge Fort Street Cargo Facility in Detroit, Michigan when he made a wrong turn, not intending to travel to Canada on his way to Detroit, Michigan. He turned around on the bridge and drove his vehicle to the primary inspection booth at the United States Customs facility and was the sole occupant in the vehicle. He was

escorted to the secondary inspection area for immigration status checks, and his vehicle was moved to a secondary inspection area by officers.

6. In the secondary inspection area PINEDA DUARTE's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) XXX0182113 and FBI number XXXAAN5D51, which correspond to the prior immigration arrest and removal noted below.

7. During the secondary inspection interview PINEDA DUARTE stated he was on his way home from a construction job he had just completed and traveled onto the bridge to Canada by mistake.  He told the officer he had previously been deported from the United States and that he re-entered the United States in January of 2025. He said he entered the United States in Texas but was not sure the exact location.

8. A system query was conducted of PINEDA DUARTE through the Enforce Alien Removal Module (EARM), which is an immigration database maintained by DHS that contains information of aliens who have been removed from the United States.  During that search I found him to be a match to Alien File XXX021310, as well as the immigration arrest and removal noted below.

9. A system query was conducted of PINEDA DUARTE through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS).  These databases are maintained by DHS and contain information relating to application for relief and immigration benefits.  After reviewing the records for PINEDA DUARTE and all queries of Department of Homeland Security databases, I was able to confirm that no record exists of PINEDA DUARTE obtaining permission from the Attorney General or the Secretary of Homeland Security to re-apply for admission to the United States.

10. A system query of PINEDA DUARTE through the Consular Consolidated Database (CCD), which is a database maintained by the US Department of State which contains passport and visa applications and records. No record was found of PINEDA DUARTE ever having applied for or received a United States visa of any kind or classification.

11. A system query of PINEDA DUARTE in TECS, which is a United States government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission. No record of PINEDA DUARTE ever lawfully arriving or being inspected, admitted, or paroled to the United States by a United States border official was found.

12. PINEDA DUARTE was arrested and detained by CBP on August 3, 2025, for administrative proceedings and Reinstatement of the Prior Order of Removal pursuant to Section 241(a)(5) INA.

13. The aforementioned arrest or apprehension and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United Sates, or alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

14. Based on the foregoing, there is probable cause to believe that, on or about August 3, 2025, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Osman Alexis PINEDA DUARTE a native and citizen of Honduras, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about May 15, 2024, at or near Harlingen, Texas and not having obtained the

express consent of the Attorney General or Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a)

Jeremiah A. Howe
Officer
U.S. Customs and Border Protection

Subscribed and sworn to before me in my presence and/or by reliable electronic means.

Elizabeth A. Stafford
United States Magistrate Judge